# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50927
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2023

Lyle W. Cayce
Clerk

Alejandro Hernandez,

*Plaintiff—Appellant*,

*versus*

Robert Stewart Roche, Jr.,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CV-263

---

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Alejandro Hernandez filed suit against Robert Stewart Roche, Jr., alleging that Roche violated Title III of the Americans with Disabilities Act (ADA). Hernandez contends he cannot wear a face mask due to medical reasons. Roche denied Hernandez access to Roche's estate sales based on Hernandez's refusal/inability to wear a face mask. Hernandez also asserted

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50927

a state-law claim for business disparagement against Roche. The district court granted Hernandez's motion for default judgment as to his ADA claim. The district court, however, denied the motion as to his business disparagement claim, determining that it lacked supplemental jurisdiction under 28 U.S.C. § 1367(a) over that claim. Specifically, after a thorough analysis, the district court concluded that Hernandez's business disparagement claim lacked a "common nucleus of operative fact"[1] with his ADA claim such that supplemental jurisdiction was lacking. Having considered the briefing and relevant portions of the record, we conclude that the district court did not err in dismissing Hernandez's business disparagement claim for lack of jurisdiction.

AFFIRMED.

---

[1] *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997) (explaining that "federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusions that the entire action before the court comprises but one [federal] case'") (citations omitted).